IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Timothy Jennings, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> Science Applications International ) <br> Corporation, d/b/a/ SAIC, ) <br> ) <br> Defendant. ) <br> _____) | Civil Action No. 2:18-cv-1127-BHH <br><br> **ORDER** |

This matter is before the Court upon Plaintiff Timothy Jennings' ("Plaintiff" or "Jennings") second amended complaint against Defendant Science Applications International Corporation, d/b/a SAIC ("Defendant" or "SAIC"), alleging the following claims: (1) racial discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq.*, and 42 U.S.C. § 1981 ("first cause of action"); and (2) retaliation in violation of Title VII and § 1981 ("second cause of action").

Defendant filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, asserting that Plaintiff has failed to sufficiently allege the timely exhaustion of his administrative remedies with respect to his claims under Title VII and that Plaintiff has failed to set forth sufficient factual allegations to state a claim on which relief can be granted as to all of his claims. Plaintiff filed a response in opposition to Defendant's motion, and Defendant filed a reply.

In accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g), D.S.C., United States Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court

grant in part and deny in part Defendant's motion to dismiss. Defendant filed written objections to the Magistrate Judge's Report; Plaintiff filed a response to Defendant's objections; and Defendant filed a reply. For the reasons set forth below, the Court overrules Defendant's objections and adopts the Magistrate Judge's Report.

## STANDARDS OF REVIEW

### I.     The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### II.    Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of a plaintiff's complaint. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged.

*Id.* When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Supreme Court has explained that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Twombly*, 550 U.S. at 678.

## BACKGROUND

The Magistrate Judge's Report sets forth the relevant facts in detail, and no party has objected to this portion of the Report. Accordingly, the Court incorporates the background section of the Report and repeats only what is necessary for purposes of this order.

According to Plaintiff's second amended complaint, Plaintiff, who is an African-American, began working for Defendant in 2013 and at all relevant times worked effectively and efficiently on assignment in Afghanistan. (ECF No. 28 ¶¶ 3, 11.) Plaintiff alleges that in or about June 2016 he applied for the available position of Theater Lead, a role that was responsible for the daily operations of Qatar, Kuwait, and Afghanistan. Plaintiff asserts that he was offered the position but the next day was informed that a white employee, Wes Hahn ("Hahn"), was being hired instead. (*Id.* ¶¶ 14-15.) Plaintiff asserts that Hahn did not have the required training–which Plaintiff had–and that Hahn was less qualified for the position than Plaintiff. (*Id.* ¶¶ 15-18.) According to Plaintiff, he was told that it was temporary and that he would become the new Theater Lead in December of 2016. (*Id.* ¶ 16.) However, Plaintiff asserts that he was notified in or about December of 2016 that he was not getting the position and that Hahn was going to continue as Theater Lead. (*Id.* at

19.)  Plaintiff alleges that Hahn "was discriminatory, abrasive, combative, demeaning, abusive, overbearing, and disrespectful to Plaintiff." (*Id.* ¶ 21.)  Plaintiff asserts that he complained to James Trodglen ("Trodglen") about Hahn's behavior, but Trodglen told Plaintiff several times to be patient.  (*Id.* ¶ 22.)  Plaintiff claims that he suffered retaliation and worse treatment from Hahn after reporting Hahn's behavior.  (*Id.* ¶ 23.)  For example, Plaintiff alleges that on one occasion Hahn led Trodglen to believe that Plaintiff never completed an assignment that Plaintiff did complete, and that on another occasion Hahn screamed at Plaintiff and called him a liar when Plaintiff complained that he did not have internet and was unable to contact anyone while traveling in Afghanistan.  (*Id.* ¶¶ 24-25.) Plaintiff claims that other African-American personnel had similar discriminatory encounters with Hahn; Plaintiff further claims that when he reported the conduct to Trodglen, Trodglen acknowledged that Hahn sometimes acts that way but said it would be harmful to the contract if Hahn were removed or terminated.  (*Id.* ¶ 26, 32.)  Plaintiff claims that he reported the discrimination to a Human Resources agent in South Carolina, who also told him to be patient, and Plaintiff claims that Hahn and Trodglen retaliated against him as a result of his reports by denying Plaintiff a transfer to Qatar or Kuwait, which would have resulted in better pay and better living conditions for Plaintiff.  (*Id.* ¶¶ 27-28.)

## DISCUSSION

### *Hostile Work Environment*

As an initial matter, no party has timely objected to the Magistrate Judge's finding that Plaintiff's second amended complaint fails to plead a hostile work environment claim, and the Court agrees with the Magistrate Judge's thorough analysis on this point. Accordingly, the Court adopts and incorporates this section of the Magistrate Judge's

Report and grants Defendant's motion to dismiss to the extent Plaintiff attempts to allege a hostile work environment claim. (*See* ECF No. 38 at 13-14.)

### *Retaliation (Second Cause of Action)*

Next, no party has timely objected to the Magistrate Judge's findings as to Plaintiff's second cause of action alleging retaliation in violation of Title VII and § 1981. In her Report, the Magistrate Judge found that Plaintiff's second cause of action does not exceed the scope of his Administrative Charge and that it was reasonable to infer that Plaintiff timely exhausted his administrative remedies with respect to at least some of the alleged retaliatory acts. Further, the Magistrate Judge found the allegations of Plaintiff's second amended complaint sufficient to allege a prima facie claim of retaliation, noting that Plaintiff alleges: (1) he engaged in protected activity by complaining to Trodglen and the Human Resource Department about the allegedly discriminatory conduct; (2) Defendant took adverse action against him by denying him a transfer to Qatar or Kuwait; and (3) a plausible causal connection exists between the protected activity and the allegedly retaliatory conduct.[1]

After review, and without any objection from the parties, the Court agrees with the Magistrate Judge's analysis as to Plaintiff's second cause of action and finds no basis to disturb her findings. Accordingly, the Court adopts this portion of the Report and denies Defendant's motion to dismiss as to Plaintiff's second cause of action for retaliation in violation of Title VII and § 1981.

---

[1] As the Magistrate Judge explained, to state a prima facie claim of retaliation under either Title VII or § 1981, a plaintiff must allege that (1) he engaged in protected activity under Title VII or § 1981; (2) the defendant took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse action. *Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015).

### *Discrimination (First Cause of Action)*

#### a.     *Failure to Timely Exhaust Administrative Remedies under Title VII*

With respect to Plaintiff's alleged failure to timely exhaust his administrative remedies with respect to his discrimination claim under Title VII,[2] the Magistrate Judge correctly explained that a claimant is required to file a charge of discrimination with the EEOC within 180 days of the alleged discriminatory act or acts, or, if the alleged discrimination occurred in a "deferral state," then within 300 days of the alleged discriminatory act or acts if the claimant initially institutes proceedings with the appropriate state agency, or within thirty days of the state agency's termination of its proceedings, whichever is earlier. *See* 42 U.S.C. § 2000e-5(e). South Carolina is a deferral state, with the appropriate state agency being the South Carolina Human Affairs Commission ("SCHAC").

As the Magistrate Judge also correctly explained, a charge of discrimination "defines the scope of the plaintiff's right to institute a civil suit." *Bryant v. Bell Atlantic Maryland, Inc.*, 288 F.3d 124 (4th Cir. 2002) (citing *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 247 (4th Cir. 2000)). However, "[a]n administrative charge of discrimination does not strictly limit a Title VII suit which may follow; rather, the scope of the civil action is confined only by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination." *Id.* (citing *Chisolm v. United States Postal Serv.*, 665 F.2d 482, 491 (4th Cir. 1981)). Thus, "plaintiffs may bring Title VII claims for the first time before a

---

[2] As the Magistrate Judge properly noted, Plaintiff's claims for discrimination and retaliation under § 1981 have no exhaustion requirement and thus cannot be barred by any alleged failure to exhaust administrative remedies.

6

district court, so long as they are like or reasonably related to charges in the original administrative complaint, and if they reasonably could have developed from the agency's investigation of the original complaint." *Stewart v. Iancu*, 912 F.3d 693, 705 (4th Cir. 2019) (citations omitted).

Here, Plaintiff filed his Administrative Charge on or around July 31, 2017.[3] Therefore, Plaintiff's Title VII claims ordinarily would have had to have arisen on or after October 4, 2016, to be viable. 42 U.S.C. § 2000e-5(e). In his Administrative Charge, Plaintiff asserts that he "was subjected to discrimination when [he] was overlooked for a leadership position which was given to Mr. Hahn, who was the last guy hired on our crew and who was less qualified than other African Americans." (ECF No. 32-2 at 2.) Plaintiff further asserts that he was discriminated against when he was "not given the opportunity to remain at [his] current base," and that Hahn was given the privilege to remain on the current base while he was transferred to the worst base in Afghanistan. (*Id.*) Plaintiff claims he complained about the treatment to his supervisor and was retaliated against because he is African American. (*Id.*) Plaintiff asserts that he is discriminated against regularly as a result of Hahn's behavior, which Plaintiff describes as "abrasive, combative, demeaning, abusive, overbearing, and disrespectful." (*Id.*)

In her Report, the Magistrate Judge found the allegations of Plaintiff's first cause of action for racial discrimination in violation of Title VII to be reasonably related to those set forth in his Administrative Charge. In addition, the Magistrate Judge found that although

---

[3] The Court may consider Plaintiff's Administrative Charge in connection with Defendant's motion to dismiss, as it is a document "integral to and explicitly relied on in the complaint." *E.I. duPont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

7

Plaintiff's administrative charge does not allege dates for when the alleged discrimination occurred, the allegations of Plaintiff's second amended complaint are nevertheless "sufficient to state a plausible claim that Plaintiff was told he would be promoted to the Theater Lead position by December 2016 and that he was denied that position in December 2016 in favor of a less-qualified white employee." (ECF No. 38 at 8.) As such, the Magistrate Judge recommended that the Court deny Defendant's motion to dismiss with respect to Plaintiff's failure-to-promote claim.

In its objections to the Report, Defendant repeats its assertion that Plaintiff did not timely exhaust his administrative remedies with regard to his failure-to-promote claim because Plaintiff alleges that he did not receive the promotion in or about June 2016, and Defendant further argues that Plaintiff's new theory that he was passed over for the same position a second time in December of 2016 exceeds the scope of his administrative charge.

After consideration, the Court finds Defendant's objection unavailing and agrees with the Magistrate Judge that Plaintiff's discrimination claim is reasonably related to the charges in his Administrative Charge and reasonably could have developed from the agency's investigation of the original complaint thorough analysis. *See Stewart*, 912 F.3d at 705 ("[P]laintiffs may bring Title VII claims for the first time before a district court, so long as they are like or reasonably related to charges in the original administrative complaint, and if they reasonably could have developed from the agency's investigation of the original complaint.") (citations omitted). *Stewart v. Iancu*, 912 F.3d 693, 705 (4th Cir. 2019) (citations omitted). Accordingly, the Court finds that Plaintiff's discrimination claims, including his claim that he was passed over for the Theater Lead position a second time

8

in December 2016, do not exceed the scope of Plaintiff's Administrative Charge.

Next, with respect to the timely exhaustion of Plaintiff's claim, the Court also agrees with the Magistrate Judge that Plaintiff's allegation that he was passed over for the Theater Lead position a second time in December of 2016 is sufficient, at least for purposes of this stage in the proceedings, to allege the filing of a timely charge of discrimination with the Equal Opportunity Commission. *See United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979) (emphasis added). Accordingly, the Court finds that Defendant is not entitled to dismissal of Plaintiff's failure-to-promote claim.

Defendant further objects that Plaintiff failed to exhaust his administrative remedies with respect to any disparate treatment theory based on allegations of Hahn's "abrasive, combative, demeaning, abusive, overbearing, and disrespectful" behavior because Plaintiff does not allege when the rude behavior occurred. The Magistrate Judge did not address this separate issue, but after review, the Court finds it reasonable to infer that at least some of the alleged rude behavior occurred during the applicable 300-day time period, based on Plaintiff's specific allegation that he was passed over for the Theater Lead position a second time in December of 2016, which was certainly within the applicable time frame. Thus, the Court denies Defendant's motion to dismiss with respect to Plaintiff's discrimination claim under Title VII, whether based on a failure-to-promote theory or a disparate treatment theory.[4]

---

[4] The Court notes that it reached a different conclusion on this question in *Waiters v. SAIC*, No. 2:17-3227-BHH, *Rivers v. SAIC*, No. 2:18-1126, and *Singleton*, No. 2:18-1128. However, the plaintiffs in those cases included *no factual allegations whatsoever* to show that the complained-of conduct occurred within the respective applicable 300-day time limits.

9

### b. *Sufficiency of the Pleading under Title VII and 42 U.S.C. § 1981*

After considering Defendant's argument that Plaintiff fails to state a plausible claim of race discrimination, the Magistrate Judge found that the allegations of Plaintiff's second amended complaint were sufficient to state a prima facie case of race discrimination in violation of Title VII and § 1981 because Plaintiff alleges that: (1) he is a member of a protected class; (2) he was qualified for the position of Theater Lead and was performing his job duties well; (3) he suffered an adverse employment action when he did not receive the position; and (4) Hahn, who is white and who allegedly had not completed the requisite training, received the position instead.[5]  (*See* ECF No. 38 at 8-9.)

While the Court agrees with the Magistrate Judge that Plaintiff has alleged a prima facie case of discrimination under Title VII and § 1981 based on the alleged failure to promote, Defendant objects that the Magistrate Judge overlooked a separate argument as to Plaintiff's allegations of disparate treatment; specifically, Defendant asserts that the Magistrate Judge overlooked its argument that Plaintiff fails to allege sufficient facts showing that any alleged acts of disparate treatment were adverse employment actions or were motivated by racial animus.  While Defendant is correct that the Magistrate Judge did not specifically consider this issue, the Court is not convinced by Defendant's argument, at least at this stage in the proceedings.  Rather, after accepting the allegations of Plaintiff's second amended complaint as true, and drawing all reasonable inferences in favor of

---

[5] As the Magistrate Judge noted, the *McDonnell Douglas* framework applies to Plaintiff's race-based discrimination and retaliation claims under Title VII and § 1981. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).  Under this framework, a plaintiff alleges a prima facie case of discrimination by showing that: (1) he is a member of a protected class; (2) he had satisfactory job performance; (3) he was subjected to an adverse employment action; and (4) similarly situated employees outside the protected class were treated more favorably.

Plaintiff, the Court finds that Plaintiff's disparate treatment claims should be allowed to proceed at this time. In other words, the Court is not convinced that Plaintiff's complaints about Hahn's conduct involved merely trivial concerns or general workplace grievances. Accordingly, the Court overrules Defendant's objections on this point.

## **CONCLUSION**

For the foregoing reasons, the Court overrules Defendant's objections (ECF No. 39) to the Magistrate Judge's Report (ECF No. 38), and the Court adopts the Magistrate Judge's Report. The Court grants in part and denies in part Defendant's motion to dismiss (ECF No. 32). Specifically, the Court grants the motion as to any hostile work environment claim; however, the Court denies the motion as to Plaintiff's first cause of action for race discrimination in violation of Title VII and § 1981, and as to Plaintiff's second cause of action for retaliation in violation of Title VII and § 1981.

**AND IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

March 4, 2021
Charleston, South Carolina