IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Timothy Jennings, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 2:18-cv-1127-BHH |
| v. | ) | |
| | ) | **ORDER** |
| Science Applications International Corporation, d/b/a/ SAIC, | ) ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court upon Plaintiff Timothy Jennings' ("Plaintiff" or "Jennings") second amended complaint against Defendant Science Applications International Corporation, d/b/a SAIC ("Defendant" or "SAIC"), alleging (1) racial discrimination in violation of 42 U.S.C. § 1981, and (2) retaliation in violation of § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), *et seq*. ("Title VII").[1] On February 4, 2022, Defendant filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Thereafter, Plaintiff filed a response in opposition to Defendant's motion, and Defendant filed a reply.

In accordance with 28 U.S.C. § 636(b)(1)(A) and (B) and Local Civil Rule 73.02(B)(2)(g), D.S.C., United States Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court grant Defendant's motion for summary judgment and dismiss this action. Plaintiff filed objections to the Magistrate Judge's Report, and Defendant filed a response to Plaintiff's

---

[1] The Court previously dismissed Plaintiff's claims for racial discrimination in violation of Title VII and hostile work environment. (ECF No. 46.)

objections. For the reasons set forth below, the Court adopts the Magistrate Judge's Report and grants Defendant's motion for summary judgment.

## STANDARDS OF REVIEW

### I. The Magistrate Judge's Report

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

### II. Summary Judgment

To grant a motion for summary judgment, this Court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The Court is not to weigh the evidence, but rather to determine if there is a genuine issue of fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). If no material factual disputes remain, then summary judgment should be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which the party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). All evidence should be viewed in the light most favorable to the non-moving party. *See Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990).

**DISCUSSION**

As an initial matter, the Magistrate Judge's Report sets forth the relevant factual background and evidence of record in great detail, and no party has specifically objected to this portion of the Report. Accordingly, the Court incorporates by specific reference the background section of the Report and repeats only what is necessary to evaluate Plaintiff's objections to the Magistrate Judge's Report, as set forth below.

**I.      Plaintiff's Discrimination Claim under 42 U.S.C. § 1981**

In her Report, the Magistrate Judge first set forth the applicable law governing Plaintiff's discrimination claim under § 1981. After noting that Plaintiff has not offered direct evidence of discrimination on the basis of his race, the Magistrate Judge considered whether Plaintiff established a prima facie case of discrimination under the *McDonnell Douglas* burden-shifting framework. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).

As the Magistrate Judge explained, the *McDonnell Douglas* framework places upon a plaintiff the initial burden of establishing a prima facie case of discrimination by demonstrating that (1) he is a member of a protected class; (2) he was subjected to an adverse employment action; (3) he was performing his job satisfactorily; and (4) the adverse employment action occurred "under circumstances giving rise to an inference of unlawful discrimination." *Adams v. Trustee of the Univ. of N.C.-Wilmington*, 640 F.3d 550, 558 (4th Cir. 2011); *Ferguson v. Waffle House, Inc.*, 18 F. Supp. 3d 705, 719-20 (D.S.C. 2014). With respect to the second element of a prima facie claim, the Magistrate Judge explained that "not every personnel decision constitutes an 'adverse employment action.'" *Hemphill v. United Parcel Serv., Inc.*, 975 F. Supp. 2d 548, 558 (D.S.C. 2013). The

Magistrate Judge further explained that, with respect to a failure-to-promote claim, as is this case here, a plaintiff must present evidence that: (1) he is a member of a protected class; (2) he applied for the position in question; (3) he was qualified for the position; and (4) he was rejected for the position under circumstances giving rise to an inference of unlawful discrimination. *Bryant v. Aiken Reg. Med. Ctrs., Inc.*, 333 F.3d 536, 545 (4th Cir. 2003).

Ultimately, the Magistrate Judge found that Plaintiff established the first, third, and fourth elements of a prima facie claim, and that a genuine question of material fact exists as to the second element, i.e., whether Plaintiff applied for the "Theater Lead" position that was given to Wes Hahn ("Hahn"). Thus, the Magistrate Judge found that it was not proper to grant summary judgment on the basis of failure to establish a prima facie claim.

Next, however, the Magistrate Judge concluded that Defendant has offered legitimate, non-discriminatory reasons for placing Hahn in the Theater Lead position, and that Plaintiff has failed to demonstrate that Defendant's reasons were a pretext for discrimination.[2] The Magistrate Judge explained that Plaintiff failed to show that he was "far more qualified" for the Theater Lead position than Hahn, and that the record contains no evidence to indicate that taking a Penn Foster course was a requirement for the Theater Lead position, or even that the course was a factor considered at all. Essentially, the Magistrate Judge found that, viewing all of the evidence in the light most favorable to

---

[2] As the Magistrate Judge explained, under the *McDonnell Douglas* burden-shifting framework, if a plaintiff can establish a prima facie case of discrimination, then the burden shifts to the employer to set forth a legitimate, non-discriminatory reason for the challenged employment action. *Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d 289, 294 (4th Cir. 2010). "Finally, if the employer carries this burden, the plaintiff then has an opportunity to prove by a preponderance of the evidence that the neutral reasons offered by the employer 'were not its true reasons, but were a pretext for discrimination.'" *Id.* (quoting *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 253 (1983)).

4

Plaintiff and drawing all reasonable inferences in his favor, Plaintiff failed to point to evidence showing that his qualifications were superior to Hahn's and that Plaintiff failed to raise a genuine issue of fact regarding Defendant's legitimate, nondiscriminatory reasons for selecting Hahn for the Theater Lead role.  Accordingly, the Magistrate Judge recommended that the Court grant Defendant's motion for summary judgment as to Plaintiff's discrimination claim under § 1981.  (ECF No. 103 at 13-18.)

In his objections to the Magistrate Judge's Report, Plaintiff asserts that the Magistrate Judge "seemingly determined that the Defendant's stated reason for [choosing Hahn over Plaintiff] was not pretextual in nature."  (ECF No. 104 at 2.)  Plaintiff further objects that a plaintiff can demonstrate pretext by "amassing circumstantial evidence that otherwise undermines the credibility of the employer's stated reasons."  (*Id.* (citation omitted).)  According to Plaintiff, the Magistrate Judge made a factual determination on an issue that should be decided by a jury.

After review, the Court finds no merit to Plaintiff's objections.  As the Magistrate Judge properly concluded, Defendant has offered legitimate, nondiscriminatory reasons for its decision to assign Hahn to Theater Lead.  And while Plaintiff is correct that circumstantial evidence can establish that an employer's stated nondiscriminatory reasons are a pretext for discrimination, Plaintiff has not pointed to any evidence, whether circumstantial or otherwise, to create a genuine dispute as to Defendant's stated reasons for placing Hahn in the Theater Lead role.  As the Magistrate Judge explained, Plaintiff fails to point to evidence showing that his qualifications were superior to Hahn's qualifications. In fact, Plaintiff even testified that he did not know what Hahn's qualifications were. Ultimately, the evidence before the Court shows that, compared to Hahn, Plaintiff had fewer

years of experience, less seniority, no actual experience serving as a Theater Lead, and no prior working relationship with the government's claim representative, and nowhere in Plaintiff's objections does he refute this. In conclusion, the Court finds that Plaintiff has utterly failed to show that he was not selected for the Theater Lead position because of his race, and the Court agrees with the Magistrate Judge that Defendant is entitled to summary judgment on Plaintiff's discrimination claim.

## II.     Plaintiff's Retaliation Claim under 42 U.S.C. § 1981 and Title VII

As the Magistrate Judge explained in her Report, to succeed on a retaliation claim under the burden-shifting framework, a plaintiff must first establish: (1) that he engaged in protected activity; (2) his employer acted adversely against him; and (3) there was a causal connection between the protected activity and the asserted adverse action. *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 327 (4th Cir. 2011). Proof of but-for causation is necessary under both § 1981 and Title VII. *Comcast Corp. v. Nat'l Assoc. of African Am.-Owned Media*, 140 S.Ct. 1009, 1019 (2020) (applying but-for causation for § 1981 claims); and *Univ. of Tex. SW Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013) (holding that "Title VII retaliation claims must be proved according to traditional principles of but-for causation"). Under the applicable law, "an employee's complaint constitutes protected activity when the employer understood, or should have understood, that the plaintiff was opposing discriminatory conduct." *Hemphill*, 975 F. Supp. 2d at 560. Furthermore, to establish causation at the prima facie stage of a retaliation claim, a plaintiff must show "that (1) the employer either understood or should have understood the employee to be engaged in protected activity and (2) the employer took adverse action against the employee soon after becoming aware of such activity." *Strothers v. City of Laurel*, 895 F.3d 317, 335-36 (4th

Cir. 2018) (citations omitted).

Here, Plaintiff asserts that he engaged in protected activity by (1) making numerous inquiries into the Theater Lead position and Hahn's placement in that position; (2) complaining to James Trodglen ("Trodglen") about Hahn's misconduct; and (3) complaining to Human Resources about Hahn's misconduct. The Magistrate Judge considered each of Plaintiff's assertions and first found that Plaintiff's inquiries about the Theater Lead position and his complaint that it was not "fair" that Hahn received the role did not amount to protected activity because these communications would not have put Defendant on notice that Plaintiff opposed discriminatory conduct protected by Title VII or § 1981. Thus, the Magistrate Judge found that Plaintiff failed to establish a prima facie case of retaliation based on his inquiries about how Hahn received the Theater Lead position.

Next, the Magistrate Judge found a question of fact as to whether Plaintiff's verbal complaints to Trodglen were sufficient to constitute protected activity, based on Plaintiff's testimony that he believes he told Trodglen that Hahn's behavior was racially discriminatory. However, the Magistrate Judge found that Plaintiff failed to produce evidence to show that Hahn knew about any of Plaintiff's complaints to Trodglen regarding the alleged subsequent discriminatory conduct of Hahn towards Plaintiff. In other words, the Magistrate Judge found no evidence to show that Hahn had knowledge of any protected activity by Plaintiff arising from Plaintiff's verbal complaints to Trodglen. Additionally, the Magistrate Judge found that Plaintiff failed to argue, much less produce evidence demonstrating, that any material adverse action was causally connected to any of Plaintiff's complaints to Trodglen about Hahn's behavior. Based on the record, therefore, the Magistrate Judge concluded that Plaintiff failed to establish a prima facie claim of

retaliation based on his complaints to Trodglen regarding Hahn's behavior.

Lastly, with respect to Plaintiff's complaints to Human Resources about Hahn, the Magistrate Judge found a question of fact as to whether Plaintiff engaged in protected activity during the call on March 15, 2017.  Nevertheless, the Magistrate Judge found that Plaintiff failed to demonstrate any causal link between the call on March 15, 2017, and any adverse action.  The Magistrate Judge acknowledged the short period of time between the call and when Plaintiff resigned but found no evidence of any mistreatment following Plaintiff's reports to Human Resources and no evidence to create a genuine issue of material fact as to whether he was constructively discharged or otherwise subject to an adverse action following his communications with Human Resources in March of 2017.  Accordingly, the Magistrate Judge found that Plaintiff failed to establish a prima facie claim of retaliation based on his complaints to Human Resources.

In his objections to the Report, Plaintiff asserts that although the Magistrate Judge acknowledges the phone call to Human Resources in March of 2017, she "ignores the Plaintiff's statements, echoed by other similarly situated Plaintiff, that a number of complaints were made to Trodglen by all of them." (ECF No. 104 at 3.)  Importantly, Plaintiff cites no evidence indicating which "statements" and "complaints" by others the Magistrate Judge ignored, and the Court finds no merit to Plaintiff's self-serving, unsupported objection.

Plaintiff also objects to the Magistrate Judge's conclusion that Plaintiff failed to show a causal connection between any protected activity and an adverse action, asserting that whether a causal connection exists is a question for the jury.  (*Id.*)  In support of this assertion, Plaintiff cites law that is not applicable, and the Court finds no merit to Plaintiff's

objection. As the Magistrate Judge correctly concluded, "there is no evidence at all of any mistreatment following Plaintiff's reports to HR, let alone of a 'significant increase in mistreatment." (ECF No. 103 at 26 (citation omitted).) Plaintiff himself testified that he had no memory of whether he had any interactions with Hahn or Trodglen between the time of the call with Human Resources and his resignation, and the Court agrees with the Magistrate Judge that there is no evidence to create a disputed question of fact as to whether Plaintiff was constructively discharged or otherwise subject to an adverse action following his complaints to Trodglen or Human Resources. As such, the Court overrules Plaintiff's objections and finds that Defendant is entitled to summary judgment on Plaintiff's retaliation claim.

## **CONCLUSION**

In conclusion, the Court finds that the Magistrate Judge accurately summarized the facts and evidence of record and applied the correct principles of law, and the Court finds no merit to Plaintiff's objections. Therefore, the Court adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 103); overrules Plaintiff's objections (ECF No. 104); and grants Defendant's motion for summary judgment (ECF No. 97), thereby dismissing this action.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 29, 2022
Charleston, South Carolina